RYAN E. DEMPSEY
PARTNER
RDEMPSEY@GRSM.COM
DIRECT DIAL: (914) 777-2209



**MEMO ENDORSED**



ATTORNEYS AT LAW
500 MAMARONECK AVE SUITE 503
HARRISON, NY 10528
T (914) 777-2225
FAX (914) 709-4566

January 31, 2020

*Via ECF*

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square – Room 2103
New York, New York 10007

   Re: *Pryce et al. v. New York Sports Club et al.*
      US District Court, Southern District Civil No 1:18-cv-05863-KPF
      Our File No: TSIKK 1165491

Dear Judge Polk Failla:

  As you know, our office represents the defendants in the above-referenced matter. We write in response to, and in partial opposition of plaintiffs' letter motion, dated January 30, 2020, seeking to enforce plaintiffs' notice in lieu of subpoena to compel Jonathan Reyes to testify, as well as to compel Mr. Reyes to bring with him certain requested documents.

  At the outset, it should be noted that we have absolutely no issue with producing Mr. Reyes for testimony at trial on Monday, February 3, 2020, as part of plaintiffs' case in chief. This was discussed and mutually agreed to at the January 21, 2020 pre-trial conference held before Your Honor. Accordingly, that aspect of plaintiffs' letter motion seeking to compel Mr. Reyes to testify is fundamentally moot. However, defendants formally object to, and hereby respectfully oppose that aspect of plaintiffs' letter motion and "notice in lieu of subpoena" to compel Mr. Reyes to bring with him the requested documents; specifically, the aforementioned "ISSA textbook" and "any and all training materials he was provided by NYSC."

  With regard to the ISSA textbook, it is a misrepresentation for counsel to claim that such materials were "previously requested in discovery and never provided." As the portion of Mr. Reyes' deposition transcript annexed to plaintiffs' letter motion demonstrates, the textbook in question was identified during this deposition, followed by some colloquy amongst counsel, whereby it was agreed that the textbook had <u>not</u> been previously requested as part of plaintiffs' requests for documents. That said, plaintiffs' counsel stated that he would "follow up in writing," presumably with a supplemental request seeking production of this material. However, that was <u>never</u> done. Perhaps more importantly, the issue of this ISSA textbook was never raised before the close of fact discovery; was not raised in the parties' joint pre-trial order; was not raised in any

of plaintiffs' pre-trial motions; and was not raised at the pre-trial conference, at which time issues surrounding documents and evidence were thoroughly discussed. Now, less than a week before trial, plaintiffs are essentially attempting to re-open discovery with this request, which is both procedurally improper and untimely.

As concerns the requested training materials, once again, plaintiffs failed to raise this issue prior to the close of fact discovery; failed to ever request a "meet and confer" conference to address any discovery dispute involving such documents; failed to bring to Your Honor's attention any purported discovery dispute concerning such documents, by way of discovery motion or otherwise; failed to raise such documents in the parties' joint pre-trial order; failed to raise this issue in any of plaintiffs' pre-trial motions; and failed to raise any such issues at the pre-trial conference. Their request to now compel via Mr. Reyes the production of such documents, the existence of which was never even established during the course of discovery, at trial is again untimely, procedurally improper, and not in conformity with FRCP 45. Incidentally, no subpoena for such documents has been served to date, with the trial slated to commence on Monday, and it has not been established that Mr. Reyes is even in possession of any such documents currently.

For all the foregoing reasons, it is respectfully submitted that plaintiffs' request that Jonathan Reyes be compelled to bring with him the requested documents be denied in all respects.

We thank Your Honor in advance for your time and attention to this matter. Please do not hesitate to contact the undersigned with any questions or concerns.

Respectfully submitted,

Ryan E. Dempsey

RED:bnb

The Court is in receipt of Plaintiffs' letter for a Court order requiring Mr. Reyes to bring his ISSA Fitness Trainer Textbook and any and all training materials provided him by NYSC. (Dkt. #68). The Court is also in receipt of Defendant's above reply. (Dkt. #69). For substantially the reasons that Defendant states, Plaintiffs' request is DENIED. The documents that Plaintiff now seeks to require Mr. Reyes to produce are documents that were not produced in discovery. The parties did not bring any disputes regarding the discovery of such documents to the Court's attention. Discovery in this case closed in February 2019. Such documents were not disclosed in the joint pretrial order, and Plaintiffs' counsel did not bring such documents to the Court's attention at the final pretrial conference on January 21, 2020. It is far too late for Plaintiffs' to be seeking documents to use at trial that have never been produced.

Dated: January 31, 2020
      New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE